## MARVIN C. HOLLEY V. STATE

No. 34,091.   January 10, 1962
Motion for Rehearing Overruled February 21, 1962

*Richard Haynes,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Carl E. F. Dally, Frank B. Davis,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for felony theft; the punishment, two years.

S. W. Coplin testified that on Saturday, April 22, a railway freight car was placed beside his business containing sacks of potatoes which he opened, inspected, and accepted; that the car contained 100 lb. sacks of No. 1 Grade, Everbest Brand of Russet potatoes of the market value of $6.65 per sack. The following day, when the potatoes were unloaded, it was ascertained that 22 of the sacks of potatoes had been taken from the car since it was inspected the day before. Coplin testified that he had the care, control, and management of the potatoes since his acceptance of them, and that he did not give anyone his consent to take the 22 sacks of potatoes.

The testimony further shows that on Saturday night, the appellant telephoned the manager of a store and offered to sell him No. 1 Grade potatoes for $4 per sack for delivery the next day, which offer was accepted. The appellant delivered twenty 100 lb. sacks of No. 1 Grade Everbest Brand of potatoes to said store on Sunday. The manager paid him $4 per sack and the appellant gave him a receipt. These twenty sacks were recovered and returned to Coplin. The other two sacks were recovered from another store.

Officer Melvin testified that appellant told him that he purchased the 22 sacks of potatoes from a Mexican that he did not know at a market near Airline Drive, and that he got no receipt.

The witness Coplin testified that he had not handled this brand of potatoes before or since this occasion and was unable to find anyone in Houston who had dealt in them. Officer Melvin testified that he went to the market near Airline Drive on two occasions and was unable to determine that such a sale as the appellant described had taken place.

The appellant did not testify or offer any evidence.

There are no formal bills of exception. No objections were made to the court's charge, and no requested charges were presented.

The court charged on the law applicable to circumstantial evidence, and the accused's explanation of recently stolen property.

The evidence is sufficient to sustain the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.